UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BARBARA ANN STRONG,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS FLINT ASSEMBLY, *et al.*,<br><br>Defendants. | Case No. 25-cv-12593<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER TO SERVE DEFENDANT GM AND STRIKING UNAUTHORIZED FILINGS
(ECF NOS. 10 THROUGH 24)**

Plaintiff Barbara Ann Strong, proceeding pro se, brings this action against Defendants General Motors Flint Assembly and UAW 598. ECF No. 1. The Honorable Shalina D. Kumar referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 6.

In August 2025, Strong filed a certificate of service for GM. ECF No. 5. The certificate indicates that Cynthia D. Miller served the summons on GM at 3100 Van Slyke Road, Flint, MI 48507. *Id.* The summons does not

indicate when the alleged service took place or with whom Miller left the summons and complaint. *Id.*

Under Federal Rule of Civil Procedure 4(h), a plaintiff must serve a corporation:

> (A)  in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B)  by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Rule 4(e)(1) authorizes service by following state-law service methods. In Michigan, a plaintiff may serve a corporation by:

> (1)  serving a summons and a copy of the complaint on an officer or the resident agent; [or]
>
> (2)  serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation.

Mich. Ct. R. 2.105(D).

Thus, under both Rule 4(h)(B) and Michigan Court Rule 2.105(D), Strong needed to serve GM's officer, resident agent, or other authorized agent. And service on employees such as front-desk receptionists does not comply with Rule 4(h) or Michigan Court Rule 2.105(D). *O.J. Distrib.,*

*Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 355-56 (6th Cir. 2003).  Strong has not shown that she has complied with these rules.

Rule 4(m) permits plaintiffs 90 days after the complaint is filed to serve defendants.  If service is not completed within that timeframe, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time" unless the plaintiff can show good cause for the failure to serve.  Fed. R. Civ. P 4(m).

Strong filed the complaint on August 20, 2025, and the 90-day service window will lapse on **November 18, 2025**.  Strong must serve GM in accordance with federal or Michigan law and file proof of service by that date.  Failure to do so will lead to a recommendation to dismiss GM from the lawsuit under Rule 4(m) and for failure to prosecute under Rule 41(b).

Strong has also made several improper filings.  Rule 7 authorizes parties to file various pleadings (*e.g.*, a complaint or an answer to a complaint) or a motion that "state[s] with particularity the grounds for seeking" a court order.  Strong's filings are none of these.  Strong has filed at least 15 exhibits untethered to any motion or other authorized filing.  ECF Nos. 10-24.  Because these documents are improper filings, the Court **STRIKES** them.

>s/Elizabeth A. Stafford
>ELIZABETH A. STAFFORD
>United States Magistrate Judge

Dated: September 11, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 11, 2025.

>s/Davon Allen
>DAVON ALLEN
>Case Manager