# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BARBARA ANN STRONG,

    Plaintiff,

v.

GENERAL MOTORS FLINT ASSEMBLY, et al.,

    Defendants.

Case No. 4:25-cv-12593

Honorable Shalina D. Kumar

Magistrate Judge Elizabeth A. Stafford

---

| | |
|---|---|
| Barbara Strong, *pro se* <br> 1083 Royal Crest Drive <br> Flint, MI 48532 | Margaret Carroll Alli (P38281) <br> Mami Kato (P74237) <br> OGLETREE DEAKINS, PLLC <br> *Attorneys for Defendant* <br> *General Motors LLC* <br> 34977 Woodward Avenue, Ste. 300 <br> Birmingham, MI  48009 <br> (248) 593-6400 <br> margaret.alli@ogletree.com <br> mami.kato@ogletree.com <br><br> Darcie R. Brault (P43864) <br> James D. Brokaw (P88547) <br> MCKNIGHT, CANZANO, SMITH, RADTKE & BRAULT, P.C. <br> *Attorneys for Defendant UAW Local 598* <br> 3950 W. Eleven Mile Road <br> Berkley, MI 48072 <br> (248) 354-9650 <br> dbrault@michworkerlaw.com <br> jbrokaw@michworkerlaw.com |

## DEFENDANT GENERAL MOTORS LLC'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINTS, OR IN THE ALTERNATIVE, DISMISS THE AMENDED COMPLAINTS UNDER FED. R. CIV. P. 12(b)(6)

Based on Fed. R. Civ. P. 15(a)(2), Defendant, General Motors LLC ("GM" or "Defendant") (improperly named General Motors Flint Assembly), by and through its undersigned attorneys Ogletree Deakins, PLLC, hereby requests that the Court strike both of Plaintiff's *amended* complaints that were filed with the Court on November 7, 2025 [ECF No. 71, PageID.735-859] and on November 10, 2025[1] [ECF No. 78, PageID.950-954] on the ground that these amended pleadings were filed without the Defendants' consent or the leave of this Court as required under Fed. R. Civ. P. 15(a)(2), and thus improper.

To the extent the Court might accept Plaintiff's amended pleadings that were filed without seeking, let alone obtaining, the requisite leave of this Court and permit Plaintiff to proceed based on bare allegations contained in Section III of the most recent amended Complaint ("Statement of Claim") [ECF No. 78, PageID.953], GM hereby incorporates by reference its Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) [ECF No. 42, PageID.456-473] and renews its motion to dismiss Plaintiff's amended pleading under Fed. R. Civ. P. 12(b)(6) for the reason that the amended pleading still fails to state a claim for which relief can be granted, or in the alternative, that Plaintiff be ordered to provide a more definite statement of claims as provided under Fed. R. Civ. P. 12(e).

Pursuant to E.D. Mich. L.R. 7.1(a), counsel for GM certifies that on November 19, 2025, she sent a written communication to Plaintiff's email address explaining the

---

[1] The second of Plaintiff's two amended complaints [ECF No. 78] states "11/07/2025" as the date of signing but was not filed with this Court until November 10, 2025.

nature of the motion and its legal basis and requested, but was denied, concurrence in the relief sought, thereby necessitating this motion.

Defendant respectfully requests that the Court strike Plaintiff's amended complaints as improperly filed without the leave of this Court in violation of Fed. R. Civ. P. 15(a)(2), and if Plaintiff is permitted to proceed on the most recently filed pleading [ECF No. 78, PageID.950-954], to dismiss the amended complaint on the ground that the pleading fails to state a claim for which relief may be granted.

Respectfully submitted,

*/s/ Mami Kato*
Margaret Carroll Alli (P38281)
Mami Kato (P74237)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC
*Attorneys for Defendant*
*General Motors LLC*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
(248) 593-6400
margaret.alli@ogletree.com
mami.kato@ogletree.com

Dated: November 21, 2025

2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BARBARA ANN STRONG,

    Plaintiff,

v.

GENERAL MOTORS FLINT ASSEMBLY, et al.,

    Defendants.

Case No. 4:25-cv-12593

Honorable Shalina D. Kumar

Magistrate Judge Elizabeth A. Stafford

---

| | |
|---|---|
| Barbara Strong, *pro se*<br>1083 Royal Crest Drive<br>Flint, MI 48532 | Margaret Carroll Alli (P38281)<br>Mami Kato (P74237)<br>OGLETREE DEAKINS, PLLC<br>*Attorneys for Defendant*<br>*General Motors LLC*<br>34977 Woodward Avenue, Ste. 300<br>Birmingham, MI 48009<br>(248) 593-6400<br>margaret.alli@ogletree.com<br>mami.kato@ogletree.com<br><br>Darcie R. Brault (P43864)<br>James D. Brokaw (P88547)<br>MCKNIGHT, CANZANO, SMITH, RADTKE & BRAULT, P.C.<br>*Attorneys for Defendant UAW Local 598*<br>3950 W. Eleven Mile Road<br>Berkley, MI 48072<br>(248) 354-9650<br>dbrault@michworkerlaw.com<br>jbrokaw@michworkerlaw.com |

---

**BRIEF IN SUPPORT OF DEFENDANT GENERAL MOTORS LLC'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINTS, OR IN THE ALTERNATIVE, DISMISS THE AMENDED COMPLAINTS UNDER FED. R. CIV. P. 12(b)(6)**

3

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................ ii

STATEMENT OF THE ISSUES PRESENTED ........................................................... iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF REQUESTED ..................................................................................................... iv

STATEMENT OF RELEVANT MATERIAL FACTS ................................................. 1

LEGAL ARGUMENT ......................................................................................................... 3

    I.   PLAINTIFF'S AMENDED COMPLAINTS SHOULD BE STRICKEN FROM THE RECORD FOR NON-COMPLIANCE WITH FED. R. CIV. P. 15(A)(2). ...................................................................... 3

    II.  PLAINTIFF'S AMENDED COMPLAINT REMAINS RIPE FOR DISMISSAL UNDER FED. R. CIV. P. 12(B)(6) ............................................. 4

CONCLUSION AND RELIEF REQUESTED ............................................................... 6

# **INDEX OF AUTHORITIES**

**CASES**                                                                                **PAGE(S)**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................. 2, 5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................. 2, 5

*Evans v. Robertson*,
  No. 24-13435, 2025 WL 1483449 (E.D. Mich. May 21, 2025) ................................... 3

*Jernagin v. Oakland, County of*,
  No. 25-11272, 2025 WL 1819012 (E.D. Mich. Jul. 1, 2025) ....................................... 4

*Williams Huron Gardens 397 Trust v. Waterford Township*,
  No. 18-12319, 2019 WL 659009 (E.D. Mich. Jan. 26, 2019) ...................................... 3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 ............................................................................................................... 6

Fed. R. Civ. P. 10 ............................................................................................................. 6

Fed. R. Civ. P. 12(b)(6) ......................................................................................... 1, 4, 5, 6

Fed. R. Civ. P. 12(e) ......................................................................................................... 6

Fed. R. Civ. P. 15(a) ................................................................................................. 3, 4, 6

# STATEMENT OF THE ISSUES PRESENTED

1. Should this Court strike Plaintiff's two amended pleadings filed on November 7, 2025 and November 10, 2025 where the amended pleadings were not filed as a matter of course under Fed. R. Civ. P. 15(a)(1) and were filed without the Defendants' consent or the leave of this Court as required under Fed. R. Civ. P. 15(a)(2) and are thus improper?

2. To the extent that Court might accept the most recent pleading as Plaintiff's properly filed amended complaint, should this Court grant Defendant GM's Motion to Dismiss where Plaintiff's amended pleading fails to state any claim that are plausible on its face and does not meet the pleading requirements articulated under the United States Supreme Court's opinions in *Twombly* and *Iqbal*?

3. In the alternative, should this Court grant Defendant GM's request for more definite statement under Fed. R. Civ. P. 12(e) as contained in Defendant GM's underlying Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) and order Plaintiff to provide sufficient factual allegations that would permit Defendant to prepare meaningful response?

# **CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF REQUESTED**

Fed. R. Civ. P. 15(a)(1) and (2)

*Williams Huron Gardens 397 Trust v. Waterford Township*,
    No. 18-12319, 2019 WL 659009 (E.D. Mich. Jan. 26, 2019)

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)

iv

## **STATEMENT OF RELEVANT MATERIAL FACTS**

While the Court's docket in this matter is replete with random exhibits that Plaintiff has filed, and continues to file, that are mostly unattached to any other filings, the material and operative procedural history is as follows.

On August 20, 2025, Plaintiff, proceeding *pro se*, filed a "Complaint for Employment Discrimination" – a form complaint – with this Court, which filing was assigned Case No. 2:25-cv-12593. [ECF No. 1, PageID.1-100]. On or about August 14, 2025 and prior to filing the above-mentioned *pro se* form complaint with this Court on August 20, 2025, Plaintiff commenced a similar proceeding in the Genesee County Circuit Court for the State of Michigan, which filing was timely removed to this Court on September 4, 2025 by GM and assigned Case No. 2:25-cv-12790. [Case No. 2:25-cv-12790, ECF No. 1, PageID.1-97]. The two cases are now consolidated into Case No. 2:25-cv-12593. [ECF No. 68, PageID.668-670; ECF No. 75, PageID.893].

On September 18, 2025, GM timely filed a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6), seeking dismissal of Plaintiff's complaints (both the complaint initially filed in this Court and the complaint removed from the Genesee County Circuit Court) on the ground that Plaintiff's pleadings failed to state a claim for which relief may be granted. [ECF No. 42, PageID.456-473]. Defendant UAW Local 598 ("UAW") also filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on September 19, 2025.[2]

---

[2] The UAW's dismissal motion was initially filed under Case No. 2:25-cv-12790 on September 11, 2025, and re-filed under this case designation on September 19, 2025.

1

[ECF No. 46, PageID.483-507]. Plaintiff filed a response to GM and UAW's dismissal motions on October 7, 2025, ostensibly claiming that factual allegations in her complaints were adequate to satisfy the standards under *Iqbal* and *Twombly*. [ECF No. 56, PageID.573-617; ECF No. 57, PageID.618]. GM filed its Reply Briefs on October 21, 2025. [ECF No. 66, PageID.653-659]. All briefs in connection with GM and the UAW's dismissal motions have been filed and briefings are completed.[3] The Court has not yet scheduled a hearing on these motions, and the motions remain pending before the Court.

Entirely disregarding these pending dismissal motions and despite her claim to the Court that the complaints she filed on August 14, 2025 (in the Genesee County Circuit Court and removed to this Court by GM) and on August 20, 2025 (MIED *Pro Se* form complaint) contained factual allegations sufficient to state a claim for to relief that is plausible on their face, Plaintiff proceeded to file another complaint on November 7, 2025 using the State of Michigan form complaint that did not comply with requirements under L.R. 5.1(a)(1). [ECF No. 71, PageID.735-859]. Three days later, on November 10, 2025, Plaintiff filed yet another complaint, this time using a *Pro Se* form complaint for a Civil Case in this Court. [ECF No. 78, PageID.950-954]. The

---

[3] On November 5, 2025, Plaintiff filed another Response in opposition to GM and the UAW's Motions to Dismiss. [ECF No. 69, PageID.671-730]. Her response should be disregarded in its entirely insofar as L.R. 7.1 on Motion Practice in this Court does not permit any party to file a sur-reply.

2

most recent complaint filed on November 10, 2025 contains the following, bare-boned and extremely vague allegations:

> I was discriminated-harassed-bullied-and retaliated against by team leaders-team members-group leaders shift leader-& many others since 2022 until 2025.
>
> I kept asking more than fifty high authority leaders in General Motors to protect me make them stop. It worsened every time I told someone. I kept going to UAW Local 598 no one cared! They failed to protect represent me. I paid union dues for a reason. Team member would not push up my pallets of parts so I kept getting injured. I kept getting wrote up-I kept getting sent home. They would not stop retaliating against me.

[ECF No. 78, PageID.953 ("III. Statement of Claim")].

## LEGAL ARGUMENT

**I.  PLAINTIFF'S AMENDED COMPLAINTS SHOULD BE STRICKEN FROM THE RECORD FOR NON-COMPLIANCE WITH FED. R. CIV. P. 15(a)(2).**

It is axiomatic that "[a]ll litigants, regardless of party status or pro se status, have an obligation to follow the Local Rules and the Federal Rules of Civil Procedure." *Evans v. Robertson*, No. 24-13435, 2025 WL 1483449, at *2, n.3 (E.D. Mich. May 21, 2025). Accordingly, a failure to comply with the Local Rules and the Federal Rules of Civil Procedure is a basis to strike a pleading. *Id.* at *2 (citing *Ordos City Hawtai Autobody Co., Ltd. v. Diamond Rigging Co., LLC*, 695 F. App'x. 864, 870 (6th Cir. 2017). *See also, Williams Huron Gardens 397 Trust v. Waterford Township*, No. 18-12319, 2019 WL 659009, at *1 (E.D. Mich. Jan. 26, 2019) ("While a *pro se* litigant's filings are to be liberally construed…filing which do not conform to the Federal Rules of Civil Procedure and

3

the Local Rules for the Eastern District of Michigan are subject to striking by the Court.")

Fed. R. Civ. P. 15 clearly delineates between amending a pleading "as a matter of course," and amending a pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(1) and (2). Under Rule 15(a)(1), Plaintiff had an opportunity to amend her complaint "as a matter of course" within 21 days of GM's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6), or by October 9, 2025. Plaintiff chose not to do so, and instead, proceeded to file a Response in opposition to GM's and the UAW's dismissal motions. Thereafter, filing of an amended pleading required either GM and the UAW's written consent or this Court's leave, neither of which Plaintiff sought. To the extent Plaintiff filed an amended complaint on November 7, 2025, and again on November 10, 2025, these pleadings should be stricken from the record for their non-compliance with Fed. R. Civ. P. 15(a)(2).

## II. PLAINTIFF'S AMENDED COMPLAINT REMAINS RIPE FOR DISMISSAL UNDER FED. R. CIV. P. 12(b)(6).

Even if this Court were to freely give leave as provided under Fed. R. Civ. P. 15(a)(2) and accept Plaintiff's most recent pleading filed on November 10, 2025 as a properly filed amended pleading[4] [ECF No. 78, PageID.950-954], the pleading remains

---

[4] As a matter of law, any factual allegation contained in Plaintiff's November 7, 2025 pleading [ECF No. 71, PageID.735-859] is rendered inoperative by Plaintiff's filing of the subsequent pleading on November 10, 2025. *Jernagin v. Oakland, County of*, No. 25-11272, 2025 WL 1819012, at *2 (E.D. Mich. Jul. 1, 2025) (citing *Glass v. Kellogg Co. Bakery*, 252 F.R.D. 367, 368 (W.D. Mich. 2008)).

4

ripe for dismissal for failure to state a claim for which relief is plausible on its face. While Plaintiff's amended factual allegations are now contained in two paragraphs under Section III of the federal form complaint for *pro se* plaintiffs, there is utterly nothing in these factual allegations that identifies her protected characteristics under Title VII, any meaningful foundation for claims under the Americans with Disabilities Act (ADA) or the Family and Medical Leave Act (FMLA), and no allegations of disparate or differential treatment attributed to Plaintiff's protected status. Moreover, the factual allegations in Plaintiff's November 10, 2025 amended Complaint do not identify any protected activity to make out any plausible claim for alleged violation of "Whistleblowers Act" or the unspecified retaliation claims, nothing to make out a claim for alleged violation of some unidentified "Health & Safety Laws," and does not, in any way, identify the "employment contract" that was allegedly breached.

In short, Plaintiff's November 10, 2025 amended Complaint [ECF No. 78] does not remedy the fatal defects in Plaintiff's original complaints, and are thus ripe for dismissal under Fed. R. Civ. P. 12(b)(6) for the same reasons that warrants dismissal of Plaintiff's original complaints. Accordingly, GM hereby incorporates by reference its Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) [ECF No. 42, PageID.456-473] and renews the legal arguments raised therein. Succinctly put, Plaintiff's amended pleading does not contain sufficient factual matter, accepted as true, that could state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5

## **CONCLUSION AND RELIEF REQUESTED**

For all of the foregoing reasons, Defendant General Motors LLC respectfully requests that this Court either strike Plaintiff's November 7, 2025 and November 10, 2025 complaints or dismiss the same pursuant to Fed. R. Civ. P. 12(b)(6). To the extent that the Court might grant additional leave for Plaintiff to amend her pleading as provided under Fed. R. Civ. P. 15(a)(2), GM respectfully requests that Plaintiff be ordered to provide more definite statement of her claims in accordance with Fed. R. Civ. P. 12(e), and that the subsequent amended pleading complies with the specific requirements of Fed. R. Civ. P. 8 and 10.

Respectfully submitted,

*/s/ Mami Kato*
Margaret Carroll Alli (P38281)
Mami Kato (P74237)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC
*Attorneys for Defendant*
*General Motors LLC*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
(248) 593-6400
margaret.alli@ogletree.com
mami.kato@ogletree.com

Dated: November 21, 2025

6

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants. A copy of the foregoing has been mailed via USPS first class mail to:

>Barbara Strong
>1083 Royal Crest Drive
>Flint, MI 48532

>/s/ *Mami Kato*
>Mami Kato (P74237)
>OGLETREE, DEAKINS, NASH,
>SMOAK & STEWART, PLLC
>*Attorneys for Defendant*
>*General Motors LLC*
>34977 Woodward Avenue, Suite 300
>Birmingham, MI 48009
>(248) 593-6400
>mami.kato@ogletree.com