UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BARBARA ANN STRONG,<br><br>                    Plaintiff,<br><br>v.<br><br>GENERAL MOTORS FLINT ASSEMBLY, *et al.*,<br><br>                    Defendants. | Case No. 25-12593<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING MOTION TO STRIKE AMENDED COMPLAINT (ECF NO. 89) AND STRIKING PLAINTIFF'S FILINGS (ECF NOS. 27-32, 35-40, 44, 47-48, 54-55, 60-65, 67, 69, 71, 72, 76-78, 80-85, 87, 90)**

Plaintiff Barbara Ann Strong, proceeding pro se, sues Defendants General Motors Flint Assembly and UAW 598 for various employment-based claims. ECF No. 1. The Honorable Shalina D. Kumar referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 6. The case has been consolidated with Case No. 25-12790 under Federal Rule of Civil Procedure 42. ECF No. 68; ECF No. 75.

Strong filed a sur-reply to defendants' motions to dismiss after filing a combined response to the motions. ECF No. 56 (identified as "Opposition to Motion to Dismiss of Defendant General Motors AND UAW 598"); ECF

No. 69. But the general rule is that a non-moving party has no right to respond to a reply brief, and thus the applicable local rule does not allow for a sur-reply. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); E.D. Mich. LR 7.1. Because the moving party is entitled to the last word on the matter, sur-replies are highly disfavored when the moving "party's reply did not raise any new legal arguments or introduce new evidence." *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012). Thus, the party wishing to file a sur-reply must file a motion for leave that sets forth "good cause." *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 835 (S.D. Ohio 2019).

Strong has filed no motion for leave and has not shown good cause for filing a sur-reply. As such, Strong's unauthorized sur-reply is **STRICKEN**. ECF No. 69.

Strong also filed her complaint from the consolidated action, Case No. 25-12790, and an amended complaint. ECF No. 71; ECF No. 78. GM moves to strike the unauthorized amended complaints. ECF No. 89. The Court agrees that the filings are improper.

Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course" within 21 days after serving it or "21 days after service of a responsive pleading or 21 days after service of a

2

motion under Rule 12(b), (e), or (f), whichever is earlier." Defendants moved to dismiss the action in mid-September 2025. ECF No. 42; ECF No. 46. Strong's deadline to amend her complaint under Rule 15(a)(1) lapsed on October 9 for GM and October 10 for UAW. Thus, GM's motion is **GRANTED**, and the amended complaints are **STRICKEN**. ECF No. 71; ECF No. 78; ECF No. 89. If Strong wishes to amend her complaint, she must move for leave to do so under Rule 15(a)(2).

Nor is it proper practice for Strong to file numerous exhibits unconnected to any filing, as the Court previously explained. ECF No. 34. Rule 7 authorizes parties to file various pleadings (*e.g.,* a complaint or an answer to a complaint) or a motion that "state[s] with particularity the grounds for seeking" a court order. Strong continues to file exhibits untethered to any motion or other authorized filing. ECF Nos. 27-32, 35-40, 44, 47-48, 54-55, 60-65, 67, 72, 76-77, 80-85, 87, 90. Because these documents are improper filings, the Court **STRIKES** them.

          s/Elizabeth A. Stafford
          ELIZABETH A. STAFFORD
          United States Magistrate Judge

Dated: December 2, 2025

## **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served on counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 2, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager
