UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA ANN STRONG,

Plaintiff,

v.

GENERAL MOTORS FLINT
ASSEMBLY, *et al.*,

Defendants.

Case No. 25-12593
Honorable Shalina D. Kumar
Magistrate Judge Elizabeth A. Stafford

---

**ORDER GRANTING DEFENDANT UAW 598'S SECOND MOTION TO
CONSOLIDATE CASES
(ECF NO. 101)**

---

Plaintiff Barbara Ann Strong, proceeding pro se, sues Defendants

General Motors Flint Assembly and UAW 598 for various employment-

based claims.  ECF No. 1.  This case was consolidated with *Strong v. Gen.*

*Motors Flint Assembly*, No. 25-12790, an action filed in Genesee County

Circuit Court (GCCC) and removed to this Court.  ECF No. 68.   The

Honorable Shalina D. Kumar referred the case to the undersigned for all

pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 6.  UAW moves to

consolidate this case with Case No. 26-11403 under Federal Rule of Civil

Procedure 42.  ECF No. 101.

"The underlying purpose of Rule 42 is to promote economy in the administration of justice."  *Guild Assocs., Inc. v. Bio-Energy (Washington), LLC*, 309 F.R.D. 436, 439 (S.D. Ohio 2015).  Under Rule 42(a), if actions involve "a common question of law or fact," a court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  But a "court may order a separate trial of one or more separate issues [or] claims" because of "convenience, to avoid prejudice, or to expedite and economize," while preserving the right to a jury trial.  Rule 42(b).  "[Q]uestions of law and fact need not be identical," and "Rule 42 gives the Court discretion to consolidate as long as there are *some* common questions of law or fact."  *Guild Assocs.*, 309 F.R.D. at 440.  Consolidation is a matter within the Court's discretion.  *Id.*

This case should be consolidated not only with Case No. 26-11403 but also with Case No. 26-11494.  Strong filed this action on August 20, 2025, about various grievances about her work at GM that were described in the Court's report and recommendation (R&R).  ECF No. 1; ECF No. 97.  The Court recommended that this action be dismissed because Strong's skeletal and incoherent pleadings failed to satisfy Federal Rule of Civil

Procedure 8.  ECF No. 97.  Strong filed objections that remain pending. ECF No. 98.

Not satisfied with objecting to the R&R, Strong filed *another* complaint in April 2026 in the GCCC against GM and UAW 598 about the same workplace grievances at issue in this case.  *See* Compl., *Strong v. Gen. Motors Flint Assembly*, No. 26-11403, ECF No. 1-2 (E.D. Mich. Apr. 28, 2026); Compl., *Strong v. Gen. Motors Flint Assembly*, No. 26-11494, ECF No. 1-2 (E.D. Mich. May 5, 2026).  UAW 598 removed the case, which became Case No. 26-11403.  GM separately removed the same case, which became Case No. 26-11494.  Both cases raise the same allegations at issue here, arising from Strong's January 2025 workplace injury, allegedly wrongful termination, and allegations of workplace bullying and retaliation.  Thus, the cases involve common questions of fact and should be consolidated.

UAW's motion to consolidate is **GRANTED**.  This action is consolidated with Case Nos. 26-11403 and 26-11494.

<div align="right">

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

</div>

Dated: May 12, 2026

**<u>NOTICE TO PARTIES ABOUT OBJECTIONS</u>**

3

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served on counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 12, 2026.

<div style="margin-left:40%">
s/Caitlin Shrum<br>
CAITLIN SHRUM<br>
Case Manager
</div>

4