UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BARBARA ANN STRONG,<br><br>                                    Plaintiff,<br><br>v.<br><br>GENERAL MOTORS FLINT<br>ASSEMBLY et al.,<br><br>                              Defendants. | Case No. 25-12593<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 98), ADOPTING REPORT AND RECOMMENDATION (ECF NO. 97), GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF NOS. 42, 46), AND DENYING AS MOOT UAW 598'S MOTION TO DISMISS THE UNAUTHORIZED AMENDED COMPLAINTS (ECF NO. 86)**

## I.      Introduction

Plaintiff Barbara Ann Strong ("Strong"), proceeding pro se, initiated this employment action[1] against defendants General Motors LLC ("GM") (improperly named in the complaint as General Motors Flint Assembly) and UAW 598 ("UAW") (together "defendants") bringing claims of discrimination and violations of Title VII of the Civil Rights Act of 1964, the Age

---

[1] This case was consolidated with *Strong v. Gen. Motors Flint Assembly*, Case No. 25-12790. ECF No. 68.

Page **1** of **12**

Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), the Whistleblower Protection Act ("WPA"), and the Family and Medical Leave Act ("FMLA"). ECF No. 1, ECF No. 31. This case was referred to the assigned magistrate judge for all pretrial proceedings under 28 U.S.C. § 636(b)(1). ECF No. 6.

Defendants moved to dismiss Strong's case, and UAW moved to dismiss Strong's two unauthorized amended complaints. ECF Nos. 42, 46, 86. On April 1, 2026, the magistrate judge issued a Report and Recommendation ("R&R") recommending the Court grant defendants' motions to dismiss, deny UAW's motion to dismiss the amended complaints as moot because the complaints were stricken, and dismiss Strong's complaint. ECF No. 97. Strong filed timely objections to the R&R, and GM and UAW filed responses. ECF Nos. 98, 99, 100.

II.     Analysis

A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made,

"[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely based on a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues…that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue. *See Howard v.*

*Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.  A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id*. When an objection merely reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

### B. Discussion

Strong filed six objections. The Court will address each one in turn.

### 1.  Objection 1

Strong's first objection appears to challenge the R&R's conclusion that her complaint fails to give notice of her claims under Title VII, the

ADEA, the WPA, and the FMLA. She argues that she has pleaded sufficient facts to state a plausible claim of retaliation because she was terminated for reporting a workplace injury and going on approved leave. She attempts to bolster her claims by offering facts, which do not appear in her complaint, without an explanation of how these facts relate to her claims. Because Strong's first objection does not explain how the R&R was wrong, why it was wrong, and how de novo review will obtain a different result, this objection is overruled.

2.  Objections 2, 3, 4, 5, 6

The rest of Strong's objections are difficult to decipher and appear to be a regurgitation of the litany of grievances she has previously advanced against defendants and others. These objections do not identify any issues addressed by the R&R and thus will be overruled. *See McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (holding that a failure to identify specific concerns with an R&R is the equivalent of failing to object).

Because all of Strong's objections are overruled, the Court reviews the R&R for clear error and finds none. Thus, the R&R will be adopted as this Court's own opinion.

### C. Strong's Related Cases

The Court must now address Strong's related cases. To date, Strong has filed at least five separate lawsuits raising the same claims she has brought in the instant case. Strong filed all but this case in the Genesee County Circuit Court. *See Strong v. General Motors Flint Assembly et al*, Case No. 25-12593. The four other cases were removed to this Court, with three of the four consolidated into this first-filed federal case.[2] *See Strong v. General Motors Flint Assembly et al*, Case No. 25-12790; *Strong v. General Motors Flint Assembly et al*, Case No. 26-11403; *Strong v. General Motors Flint et al*, Case No. 26-11494; *see also Strong v. UAW Local 598 et al*, 26-12139 (not yet consolidated).

Strong's duplicative filings have placed a tremendous burden on the Court's limited resources and deprive other litigants of the speedy resolution of their cases. Furthermore, Strong overwhelms the Court's docket by repeatedly filing exhibits and documents untethered to any motions or authorized filings in violation of Federal Rule of Procedure 7. *See, e.g.,* ECF Nos. 34, 91. The Court finds Strong's conduct evidences

---

[2] Strong filed one case in Genesee County Circuit Court, which was not removable, but that complaint was dismissed with prejudice on June 1, 2026. *See Strong v. General Motors Flint*, Case No. 26-62027-CZ.

bad faith and is an abuse of the judicial process both in this Court and in the Genesee County courts.

As such, the Court possesses the authority to impose restrictions upon any person who files frivolous litigation or otherwise abuses the judicial process. The Supreme Court long ago established that "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Anderson v. Dunn, 6 Wheat*. 204, 227, 5 L.Ed. 242 (1821). Accordingly, a district court has inherent authority to sanction parties whose actions are vexatious, frivolous, or undertaken in bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). This authority is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

In addition to this inherent authority, "[a] district court has the power under the All Writs Act, 28 U.S.C. § 1651, to enjoin a party from filing suits attempting to reopen or relitigate closed cases. This power extends to enjoining further filings in support of frivolous and vexatious claims."

*Spencer v. Slone*, 1986 WL 16350, at *3 (6th Cir. 1986) (upholding Eastern District of Kentucky district court's pre-filing injunction against new federal actions by plaintiff arising out of his state court prosecution for passing bad checks). Federal Rule of Civil Procedure 11(c)(3) is a separate grant of authority which permits the Court to require a party to demonstrate that their conduct does not warrant sanctions for violation of Rule 11(b). *Cf*. *Neuman v. United States*, 2009 WL 1514566, at *2-3 (S.D. Ill. June 1, 2009) (imposing $1,000 in sanctions pursuant to Rule 11 for prisoner's repeated post-judgment filings asserting presiding judge was biased and unqualified, and cautioning of possible criminal contempt sanctions, including incarceration, should personal attacks continue).

Unquestionably, the Court must afford additional latitude to parties untrained in the law, *Haines v. Kerner*, 404 U.S. 519, 596 (1972), as their actions may be the consequence of inexperience or lack of specialized knowledge rather than a desire to harass or delay. However, this forgiving approach to compliance with procedural rules has never "[been] interpreted so as to excuse mistakes by those who proceed without counsel," *McNeil v. United States*, 508 U.S. 106, 113 (1993), and the courts have never allowed "the right of self-representation [to be used as] a license to abuse

the dignity of the courtroom." *Faretta v. California*, 422 U.S. 806, 835 n.46 (1975). Even a court's "special solicitude" towards pro se litigants "does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." *Pandozy v. Segan*, 518 F. Supp. 2d 550, 558 (S.D.N.Y. 2007) (imposing pre-filing restrictions against a litigant "unwilling[ ] to accept unfavorable rulings on her claims. Each time her claims are dismissed, she repackages them with new labels, against new defendants, and in new courts, as part of an 'ever-broadening conspiracy theory.' ")

"Any person proceeding pro se who repeatedly files frivolous lawsuits or motions abuses the right to represent himself without counsel and the privilege of proceeding without payment of the filing fee, and imposes a heavy burden upon the resources of the court at the expense of other litigants with potentially meritorious claims." *Easterling v. Rice*, 2019 WL 1338712 (S.D. Ohio March 25, 2019). The Court may therefore impose sanctions necessary and appropriate to deter such conduct. *Chambers*, 501 U.S. at 45-46. In short, Strong's "excessive, repetitive, gratuitous filings require strong[] action by this Court" because she "has no right to abuse the judicial process and monopolize the Court's time," especially when her

underlying claims are consistently deficient as a matter of law. *Armstead v. Baldwin*, 2020 WL 1694848, at *2 (S.D. Ohio April 7, 2020).

The Court may, in its discretion, "impose prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). The proper method for dealing with such "prolific litigators" is to require that all filings require leave of court. *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). The Court also has the authority under to "impose sanctions necessary and appropriate to deter" abusive conduct, including requiring a plaintiff to pay the other party's attorney's fees. *Easterling*, 2019 WL 1338712, at *4. Strong is advised that Rule 11 equally applies to her, and she will be subject to sanctions if she continues to present pleadings "to harass, cause unnecessary delay, or needlessly increase the cost of litigation...." Fed. R. Civ. P. 11. While the Court finds that Rule 11 sanctions are not appropriate at this time, they may be required in the future.

Based on the Court's findings, outlined above, the Court deems Strong a vexatious litigator and will impose pre-filing restrictions.

III. **Conclusion**

Accordingly, the Court **OVERRULES** Strong's objections (ECF No. 98) and **ADOPTS** the R&R (ECF No. 97) as the findings and conclusions of the Court. The Court **GRANTS** defendants' motions to dismiss (ECF Nos. 42, 46) and **DENIES AS MOOT** UAW's motion to dismiss Strong's amended complaints (ECF No. 86). Strong's complaint is **DISMISSED WITH PREJUDICE.**

Additionally, Strong is hereby **ENJOINED FROM FILING**, without seeking and obtaining leave of Court (1) any new lawsuits against any of the parties she has sued in any of the five actions she has filed in, or which have been removed to this Court; or (2) any new lawsuits related to her Title VII, ADEA, ADA, WPA, and FMLA arising out of the same alleged transaction or occurrence as the instant case.

If Strong seeks to obtain leave of court, she must comply with the following requirements:

(1) She must file a "Motion Pursuant to Court Order Seeking Leave to File" with any papers she proposes to file against any defendants named in any of the following case numbers: 25-12593, 25-12790, 26-11403, 26-11494, and 26-12139 and she must attach a copy of this Order to it.

(2) As an exhibit to any motion seeking such leave, she must also attach a declaration, prepared pursuant to 28 U.S.C. § 1746, or a sworn affidavit certifying that (1) the document raises a new issue which Strong has never previously raised in this

Court or any other court; (2) the claim is not frivolous; and (3) the document is not filed in bad faith.

This matter is now closed.

**IT IS SO ORDERED**.

s/ Shalina D. Kumar<br>
SHALINA D. KUMAR<br>
United States District Judge

Dated: June 30, 2026